UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHALAURA HAM,<br><br>        Plaintiff,<br><br>        v.<br><br>TJX COMPANIES, INC., T.J. MAXX and TERESA BURRIS MEMINE,<br><br>        Defendants. | Case No. 1:17-cv-01463 |

### NOTICE OF REMOVAL OF CIVIL ACTION

Pursuant to 28 U.S.C. §§ 1332(a)(1), 1441 and 1446, The TJX Companies, Inc. ("TJX" or "Defendant")[1], by its undersigned counsel, hereby removes this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia. The grounds for removal are as follows:

**I.   PROCESS, PLEADINGS AND ORDERS**

1. On June 13, 2017, Shalaura Ham ("Plaintiff") commenced a civil action in the Superior Court of the District of Columbia (the "Complaint"), where the case was assigned Civil Action No. 2017 CA 004097 B. A true and correct copy of the Summons, Complaint and Initial Order and Addendum are filed herewith.

2. Plaintiff served Defendant with the Summons, Complaint and Initial Order and Addendum on June 23, 2017. A true and correct copy of the Service of Process Transmittal sheet verifying service on TJX is filed herewith.

3. The Complaint alleges the following causes of action: (i) battery; (ii) negligent supervision; and (iii) negligent infliction of emotional distress. (*See* Compl.).

---

[1]   Plaintiff incorrectly named "T.J. Maxx" as a defendant in her lawsuit. "T.J. Maxx" does not exist as a separate (or otherwise viable) legal entity. Rather, it is a trade name (i.e., "d/b/a" name) owned and used by TJX.

4. Pursuant to 28 U.S.C. § 1446(a), the attached documents constitute all process, pleadings and orders served upon Defendant to date.[2]

## II. VENUE

5. Pursuant to 28 U.S.C. § 1441(a), this state court action, which was commenced in the Superior Court of the District of Columbia, may be removed to the United States District Court for the District of Columbia because this Court is the federal district court which includes the District of Columbia within its jurisdiction.

## III. DIVERSITY JURISDICTION PURSUANT TO 28 U.S.C. § 1332(a)

6. Under 28 U.S.C. § 1332(a), federal courts have original jurisdiction over actions which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states.

### A. Diversity of Citizenship Exists

7. For diversity purposes, "a person is a 'citizen of the State' in which he is domiciled." *Core VCT PLC v. Hensley*, 59 F. Supp. 3d 123, 125 (D.D.C. 2014) (quoting *Prakash v. Am. Univ.*, 727 F.2d 1174, 1180 (D.C. Cir. 1984)). "The place where a man lives is properly taken to be his domicile until facts adduced establish to the contrary." *District of Columbia v. Murphy*, 314 U.S. 441, 455 (1941). In her Complaint, Plaintiff states that she resides at "4252 4th Street, SE, #202, Washington, DC 20032." (*See* Compl.). Accordingly, Plaintiff is a citizen of the District of Columbia for diversity purposes.

8. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of the State in which it was incorporated and the State where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant is incorporated in the State of Delaware, and its principal

---

[2] Due to Plaintiff's mistaken belief that "T.J. Maxx" is an entity, she mailed a copy of the Summons and Complaint to "TJ Maxx c/o The Corporation Trust Corporation Trust Center." A true and correct copy of the envelope with its enclosures is filed herewith. The Corporation Trust Company is TJX's registered agent.

place of business is Framingham, Massachusetts. (Declaration of Jennifer Joyce Brady, Esq. ("Brady Decl."), dated July 20, 2017, attached at Exhibit A). Accordingly, TJX is a citizen of Delaware or Massachusetts, and not the District of Columbia, for diversity purposes.

9.  Defendant "T.J. Maxx" does not exist as a separate (or otherwise viable) legal entity. Rather, it is a trade name (i.e., "d/b/a" name) owned and used by TJX. *See* Brady Decl., ¶4. In fact, "T.J. Maxx" is listed as a trade name with the District of Columbia's Department of Consumer and Regulatory Affairs. *See* Business Entity Search, District of Columbia Department of Consumer and Regulatory Affairs, https://corponline.dcra.dc.gov/BizEntity.aspx/ViewEntityData?entityId=2836020 (last visited July 19, 2017). As such, "T.J. Maxx" is incapable of being sued, *see, e.g.*, *Ventura v. Bebo Foods, Inc.*, 595 F. Supp. 2d 77, (D.D.C. 2009) (" . . . trade names are not juridical entities capable of being sued"), and "its being named as a purported defendant does not destroy diversity jurisdiction." *La Russo v. St. George's Univ. Sch. of Med.*, 747 F.2d 90, 97 (2nd Cir. 2014).

10. Defendant Teresa Burris Memine ("Ms. Memine") is alleged to reside at "2141 Tannin Place, Unit #125, Vienna, Virginia 22182-4620." (*See* Compl.). Accordingly, Ms. Memine who, upon information and belief, has yet to be served with the Summons and Complaint, is a citizen of the Commonwealth of Virginia for diversity purposes.

    **B.**    **The Amount in Controversy Exceeds $75,000**

11. In calculating the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938); *see also Paley v. Ogus*, 20 F. Supp. 2d 83, 93 n.13 (D.D.C. 1998) ("[S]atisfaction of the jurisdictional amount is determined by the amount of damages that the plaintiff claims at the initiation of the lawsuit."). According to the Complaint, "Plaintiff seeks

3

punitive damages in the amount of $500,000[,]" *see* Compl., which "are properly considered as part of the amount in controversy." *McQueen v. Woodstream Corp.*, 672 F. Supp. 2d 84, 88 (D.D.C. 2009).

12. Based on the foregoing, the matter in controversy exceeds $75,000. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

IV. **COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

13. This Notice of Removal of Civil Action is timely filed pursuant to 28 U.S.C. § 1446(b), as it is being filed on July 24, 2017.[3]

14. Pursuant to 28 U.S.C. § 1446(b)(2)(A), only defendants who have been "properly joined and served" are required to join in the notice of removal. *Smith v. Hendricks*, 140 F. Supp. 3d 66, 77 (D.D.C. 2015) (finding the consent requirement of section 1446 inapplicable to a defendant who had not been joined at the time of removal). Because Ms. Memine has not been served according to the D.C. Superior Court's docket, *see* Exhibit B (reflects the absence of a proof of service), her consent to removal is not required at this time. In addition, purported defendant "T.J. Maxx" is not an entity and, therefore, not capable of being sued and/or consenting to removal.

15. In accordance with 28 U.S.C. § 1446(d), a true and correct copy of the Notice of Filing of Notice of Removal is filed herewith. This Notice of Filing of Notice of Removal, along with the Notice to Plaintiff of Removal of Action, will be filed in the Superior Court of the District of Columbia, where this action was commenced and has been pending.

---

[3] Although the thirty-day deadline set forth in 28 U.S.C. § 1446(b)(1) fell on Sunday, July 23, TJX had until Monday, July 24, to file this Notice of Removal of Civil Action, because pursuant to Federal Rule of Civil Procedure 6(a)(1)(C), when calculating time, the last day of the period must be included, "but if the last day is a . . . Sunday . . ., the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

16. In accordance with 28 U.S.C. § 1446(d), a true and correct copy of the Notice to Plaintiff of Removal of Action is filed herewith. This Notice to Plaintiff of Removal of Action, along with the Notice of Filing of Notice of Removal and this Notice of Removal of Civil Action, will be served upon Plaintiff in accordance with 28 U.S.C. § 1446.

17. TJX submits this Notice of Removal of Civil Action without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted.

## V.  CONCLUSION

WHEREFORE, having fulfilled all statutory requirements, The TJX Companies, Inc. respectfully requests that the Clerk of the Court note that this action has been removed from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia, and that all proceedings hereafter shall take place in the United States District Court for the District of Columbia.

Dated:  July 24, 2017

Respectfully submitted,

LITTLER MENDELSON, P.C.

 /s/ Ethan D. Balsam
Ethan D. Balsam (DC Bar No. 975239)
ebalsam@littler.com
815 Connecticut Avenue, N.W., Suite 400
Washington, D.C.  20006-4046
Tel: 202.789.2324
Fax: 202.403.3128

*Counsel for Defendant*
*The TJX Companies, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 24, 2017, a copy of the foregoing Notice of Removal of Civil Action was served by first class mail, postage prepaid, upon the following:

>Sharon R. Rice-Hicks, Esq.
>Law Office of Sharon R. Rice-Hicks
>601 Pennsylvania Avenue, N.W., Suite 900
>South Building
>Washington, D.C. 20004
>sricelaw@verizon.net
>
>*Attorney for Plaintiff*
>
>Teresa Burris Memine
>2141 Tannin Place, Unit 125
>Vienna, VA 22182

I further certify that, pursuant to 28 U.S.C. § 1446(d), on July 24, 2017, a copy of the foregoing Notice of Removal of Civil Action was filed with the following:

>James D. McGinley
>Clerk of the Court
>Superior Court of the District of Columbia
>500 Indiana Avenue, N.W.
>Washington, DC  20001

        */s/ Ethan D. Balsam*
        Ethan D. Balsam