UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SHALAURA HAM, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-cv-01463 (APM) |
| TJX COMPANIES, INC., et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Shalaura Ham alleges that her supervisor, Defendant Teresa Memine, assaulted her while at their place of work, the retail store TJ Maxx. Notice of Removal, ECF No. 1, Ex. 3, ECF. No. 1-3, at 9–14 [hereinafter Compl.], ¶¶ 10–14. Plaintiff complains that Defendant Memine verbally abused and then physically attacked her in the store. *Id*. Seeking compensation for the injuries she sustained from the alleged assault, Plaintiff advances common law claims of battery, negligent supervision, and negligent infliction of emotional distress against her employer, Defendant TJX Companies, Inc., and Defendant Memine.[1] *See id*. ¶¶ 17–37. Defendant TJX moves to dismiss the Complaint in its entirety on the ground that the D.C. Workers' Compensation Act ("WCA"), D.C. Code § 32-1501 et seq., provides the exclusive remedy for Plaintiff's claimed injuries. Def. TJX's Mot. to Dismiss, ECF No. 6, Mem. in Supp., ECF No. 6-1 [hereinafter Def.'s Mot.], at 4. The court agrees and grants Defendant's Motion.

---

[1] Plaintiff has yet to serve Defendant Memine with the Complaint and a summons. Additionally, Plaintiff named "TJ Maxx" as a defendant but, according to Defendant TJX, TJ Maxx is only a trade name, not a separate entity from TJX. Def.'s Mot. to Dismiss, ECF No. 6, Mem. in Supp., ECF No. 6-1, at 1 n.1. Plaintiff does not dispute this representation. Therefore, the court finds Defendant TJX to be the sole corporate defendant in this matter.

The governing legal principles here are not in dispute. The parties agree that, under District of Columbia law, the WCA provides the exclusive remedy for an employee's workplace injuries "arising out of and in the course of his employment." *Id.* (citing D.C. Code § 32-1504); Pl.'s Opp'n to Def.'s Mot., ECF No. 8, Mem. in Supp., ECF No. 8-1 [hereinafter Pl.'s Opp'n], at 3 (same). The parties also agree that "District of Columbia courts have consistently found that common law tort claims, . . . are precisely the type of claims for which the WCA is designed to be the exclusive remedy." Pl.'s Opp'n at 3 (alteration in original) (quoting Def.'s Mot. at 4). Notwithstanding these agreements, Plaintiff argues that her common law claims fall outside the scope of the WCA because the altercation between her and Defendant Memine "is not the type of incident which arises out of and in the course of employment." *Id*. at 4. In support of that contention, Plaintiff points to allegations in the Complaint that, before the assault, Defendant Memine insulted her and threatened to fire her if she did not follow her instructions. That unprovoked verbal abuse, Plaintiff claims, shows that the assault "[a]rose due to [Defendant Memine's] personal motive or animus against Plaintiff which was separate and apart from her obligations or conditions of employment." *Id*. at 5. Additionally, Plaintiff argues that the conditions of her employment did not include the risk of an assault by her supervisor. *Id*. In short, Plaintiff contends that her claims fall outside the WCA because Defendant Memine's tortious acts did not have their origin in the workplace. *Id*.

Plaintiff's arguments fail as a matter of law. The WCA defines "injury" to include "an injury caused by the willful act of third persons directed against an employee because of his employment." D.C. Code § 32-1501(12). Under that definition, even injuries caused by "intentional torts occurring at the workplace and committed by other employees or third parties" are subject to the statute. *Lockhart v. Coastal Int'l Sec., Inc.*, 905 F. Supp. 2d 105, 116 (D.D.C.

2

2012). Thus, courts consistently have held that the statute reaches injuries resulting from a workplace assault committed by a colleague. For instance, in *Vanzant v. Washington Metropolitan Area Transit Authority*, the court held that the WCA provided the sole remedy for a plaintiff alleging that his supervisor "intentionally struck him on the head during a [workplace] meeting." 557 F. Supp. 2d 113, 114, 117–18 (D.D.C. 2008). The court held the same in *Fonseca v. Salminen*, a case in which the plaintiff alleged that his supervisor purposefully struck him in the face and eye while at a worksite. 896 F. Supp. 2d 84, 85–89 (D.D.C. 2012). And, in *Tatum v. Hyatt Corporation*, the court dismissed plaintiff's common law claims predicated on a workplace sexual assault because the WCA was her exclusive remedy. 918 F. Supp. 5, 6, 8 (D.D.C. 1994). Plaintiff's claims here are materially indistinguishable from those advanced in these cases. She, too, alleges that she was injured as a result of an assault committed by a colleague in the workplace. Such allegations require Plaintiff to seek relief solely under the WCA.

Moreover, the Complaint's actual allegations belie Plaintiff's contention that her injuries are unrelated to her employment at TJ Maxx. Plaintiff alleges that, in the time before the assault, Defendant Memine instructed her to "fix the shoes because they were a mess like she was a mess" and then, in front of co-workers, threatened to fire Plaintiff if she failed to follow her instructions. Compl. ¶¶ 11–12. Then, the assault itself occurred later that same day during a workplace team meeting. *See id.* ¶ 13. These allegations make plain that Plaintiff's alleged injuries "[arose] out of and in the course of [her] employment." *See Harrington v. Moss*, 407 A.2d 658, 662 (D.C. 1979) (observing that "an injury suffered from an assault may arise out of employment . . . if the reason for the assault is a quarrel having its origin in work").

In a final effort to defeat Defendant's motion, Plaintiff invokes the "specific intent" exception to the WCA, but that effort also fails. Under the exception, "injuries specifically

3

intended by the employer to be inflicted on the particular employee who is injured fall outside of the exclusivity provisions of the WCA." *Grillo v. Nat'l Bank of Wash.*, 540 A.2d 743, 744 (D.C. 1988). The D.C. Court of Appeals has interpreted that exception narrowly, holding that the WCA remains the exclusive remedy for a workplace injury even where an employer has knowledge to a "substantial certainty" that injury will result from an act. *See id*. at 750–51; *see also Doe v. United States*, 797 F. Supp. 2d 78, 83–84 (D.D.C. 2011). Instead, the "specific intent" exception applies only when an employee shows that her employer conspired or participated in committing the intentional tort. *See Grillo*, 540 A.2d at 751; *see also Doe*, 797 F. Supp. 2d at 84. In this case, the only action Plaintiff alleges on the part of her employer is that TJX's Regional Manager of Human Resources, John Richey, investigated the alleged assault after Plaintiff told him about it. Compl. ¶¶ 15–16. That factual allegation quite obviously falls short of stating a plausible claim that Defendant TJX either participated in the assault or conspired with Defendant Memine to carry out the assault. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, even accepting her allegations as true, Plaintiff cannot rely on the "specific intent" exception to the WCA.

Accordingly, for the foregoing reasons, the court grants Defendant's Motion to Dismiss. Defendant TJX Companies, Inc., is hereby dismissed from this matter, albeit without prejudice. A separate Order concerning further proceedings in this case accompanies this Memorandum Opinion and Order.

Dated: September 8, 2017

Amit P. Mehta
United States District Judge