UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| SHALAURA HAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17-cv-01463 (APM) |
| | ) |
| TJX COMPANIES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

I.

This matter comes before the court on Plaintiff Shalaura Ham's Second/Renewed Motion for Default Judgment, ECF No. 19, and on Plaintiff's response to this court's Minute Order to Show Cause, *see* Minute Order, Feb. 13, 2018 [hereinafter Minute Order]; Pl.'s Response to Minute Order to Show Cause, ECF No. 21. In her Motion, Plaintiff seeks an award of $5,000, against Defendant Teresa Memine for pain and suffering resulting from a battery at the hands of Defendant. Notice of Filing, ECF No. 20, Aff. of Shalaura Ham, ECF No. 20-1, ¶¶ 7–8 [hereinafter Pl.'s Aff.]; Second/Renewed Motion for Default J., Mem. in Support, ECF No. 19-1, at 1, 3–4. In response to Plaintiff's Motion, the court issued a Minute Order to Show Cause, which questioned whether the court had subject matter jurisdiction over this matter under the diversity statute—this case was removed to federal court on that basis—in light of Plaintiff's demand for only $5,000 in damages, a sum far less than the $75,000 amount-in-controversy threshold in 28 U.S.C. § 1332. Minute Order; *see also Gonzales v. Thaler*, 565 U.S. 134, 141 (2012) (stating that federal courts may raise the question of their subject matter jurisdiction sua sponte at any stage

of the proceedings). The court directed Plaintiff to "show cause . . . why this matter should not be remanded to the D.C. Superior Court under 28 U.S.C. § 1447(c)." Minute Order.

Plaintiff responded to the court's Minute Order to Show Cause on February 18, 2018, as directed. *See* Pl.'s Resp. to Minute Order to Show Cause, ECF No. 21 [hereinafter Pl.'s Resp.]. In her filing, Plaintiff states that, in her Complaint, Plaintiff "in good faith" demanded damages "in the amount of $500,000 for emotional injuries against Defendants TJX Companies, Inc."—her former employer since dismissed from this action—"and Teresa Burris Memine for their alleged tortious conduct." *Id.* ¶ 3. Plaintiff explains that, at the time the case was removed, she believed that the amount in controversy exceeded $75,000, as required by the diversity statute, but subsequent events prevented her from seeking at least that amount as a default judgment. *Id.* ¶¶ 4–5. Specifically, Plaintiff points to the dismissal of Plaintiff and Memine's common employer, TJX Companies, which prevented her from "gather[ing] evidence pertaining to its supervision of Defendant Teresa Memine and to gather evidence to support her demand for punitive damages as to this defendant." *Id.* ¶¶ 6–7. Without evidence from TJX Companies, Plaintiff reasons, she cannot in good faith prove damages of more than $5,000. *Id.* ¶ 5.

II.

Cases rooted in diversity jurisdiction must satisfy the amount-in-controversy threshold of $75,000. 28 U.S.C. § 1332(a). In cases removed to federal court, like this one, the amount-in-controversy requirement must be satisfied at the time of removal. *See Mitchell v. E. Savings Bank, FSB*, Civ. No. 12-657 (JEB), 2012 WL 13042901, at *2 (D.D.C. July 13, 2012); 14A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3702.4 (4th ed. 2017) (stating that it is a "well-settled principle" that the "existence or nonexistence of the amount in controversy required for subject matter jurisdiction is determined on the basis of the facts and circumstances

as of the time that an action . . . arrives there from a state court by way of removal"). Ordinarily, a plaintiff's "amount-in-controversy allegation is accepted if made in good faith." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014). And "[e]vents occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289–90 (1938). Courts, however, have distinguished between "subsequent events that change the amount in controversy and subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement of the action." *Cuneo Law Grp., P.C. v. Joseph*, 920 F. Supp. 2d 145, 150 (D.D.C. 2013) (quoting *Jones v. Knox Expl. Corp.*, 2 F.3d 181, 183 (6th Cir. 1993)); *accord* Wright & Miller, *supra*, § 3702.4 (citing cases). The former class of cases do not require dismissal even if the amount in controversy falls below $75,000; the latter class of cases, on the other hand, must be dismissed. *See St. Paul Mercury*, 303 U.S. at 289–90. To justify such dismissal, "it must appear to a legal certainty that the claim is really for less than the jurisdictional amount[.]" *Id.* at 289. The D.C. Circuit has interpreted the "legal certainty" standard to mean that "courts [must] be very confident that a party cannot recover the jurisdictional amount before dismissing the case for want of jurisdiction." *Rosenboro v. Kim*, 994 F.2d 13, 17 (D.C. Cir. 1993). The party that seeks to invoke federal diversity jurisdiction—in this case, Plaintiff—bears the burden of proving that the amount-in-controversy requirement is satisfied. *See id.*

Here, Plaintiff advanced three causes of action: (1) battery, (2) negligent supervision, and (3) negligent infliction of emotional distress. *See* Notice of Removal, ECF No. 1, Compl., Attach. 3, ECF No. 1-3. She asserted each of those claims against her former employer, TJX Companies, and the first and third claims against Memine. As Plaintiff's claims sound in tort, her potential for recovery from both Defendants was for the harm that she suffered. *See* Restatement (Second) of

Torts § 903 (defining "compensatory damages"). Although not evident in her original Complaint, Plaintiff now makes clear that she never suffered any pecuniary loss or physical injury. *See* Pl.'s Aff. ¶¶ 5, 7–9. Rather, she claims damages for humiliation and embarrassment, and she says that after the assault she became depressed, wanted to hurt herself, and suffered from migraines. *See id.* ¶ 8. Plaintiff asks for only $5,000 in damages. *Id.* ¶ 7. She attributes that reduced amount to the dismissal of TJX Companies from this case. Pl.'s Resp. ¶¶ 5-7. That event, she maintains, left her to proving damages only through her own sworn testimony and that of her mother and a co-worker. *Id.* ¶ 5. Further, she asserts, the absence of TJX Companies prevented her from "gather[ing] evidence pertaining to its supervision of Defendant Teresa Memine and to gather evidence to support her demand for punitive damages as to this defendant." *Id.* ¶ 7.

Based on the foregoing, the court is "very confident" that Plaintiff did not have a good faith basis to meet the $75,000 threshold at the time this matter was removed from the D.C. Superior Court, and that no subsequent event to removal caused the amount in controversy to slip below that amount. *Id.* To begin, the dismissal of TJX Companies had no effect on her ability to establish her claimed damages for pain and suffering. Plaintiff and, presumably, her mother and co-worker were available to testify to establish damages at the time of removal just as they are today. If their present collective testimony only gives rise to $5,000 in damages, it most certainly would not have given rise to a greater sum when the case arrived in this court.

Next, while it is true that TJX Companies' dismissal resulted in the loss of Plaintiff's negligent supervision claim, that claim could not have made up the $70,000 shortfall. Under District of Columbia law, an employer is not vicariously liable for the intentional torts of its employees committed solely for her own "malicious personal reasons." *Phelan v. City of Mt. Rainer*, 805 A.2d 930, 937–40 (D.C. 2002). A plaintiff, however, can hold an employer liable

4

for an employee's intentional torts, if the employer negligently supervises the employee. *Id.* Such liability is predicated on the employer's own negligence, rather than a theory of vicarious liability. *Id.*

Even if Plaintiff had proven such a claim, she could not have recovered any more from TJX Companies than she presently seeks from Memine. Two principles establish that conclusion. First, "[an] employer is subject to liability only for such harm as is within the risk. If, therefore, the risk exists because of the quality of the employee, there is liability only to the extent that the harm is caused by the quality of the employee which the employer had reason to suppose would be likely to cause harm." Restatement (First) Agency § 213 cmt. d.; *accord Fleming v. Bronfin*, 104 A.2d 407, 409 (D.C. Mun. Ct. 1954) (citing Restatement (First) Agency § 213 cmt. d)). Second, "[i]f two or more tortfeasors produce a single injury, the plaintiff may sue each one for the full amount of the damage and hold the defendants severally liable; but the plaintiff can obtain only a single recovery, and each defendant will be entitled to a credit for any sum that the plaintiff has collected from the other defendant." *Leiken v. Wilson*, 445 A.2d 993, 999 (D.C. 1982). Taken together, those principles mean in this case that, even if Plaintiff could have proven that TJX Companies negligently supervised Memine—say hypothetically, by having knowledge of Memine's penchant for violence but doing nothing about it—TJX Companies would be liable for no more than the harm directly caused by Memine. True, Plaintiff could have held TJX Companies liable for the full amount. But TJX Companies' presence in this case would not have raised Plaintiff's total damages claim above $5,000, the self-declared value of Plaintiff's emotional injuries.

Finally, Plaintiff's claim for punitive damages does not get her over the jurisdictional hump. *See Kahal v. J.W. Wilson & Assoc., Inc.*, 673 F.2d 547, 549 (D.C. Cir. 1982) (holding that

5

a punitive damages claim may factor into the amount-in-controversy determination only if it has a "colorable basis in law and fact"). The Supreme Court has held that the Due Process Clause provides substantive protection against punitive damages awards. *See generally BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996). Although the Court has not drawn a bright-line punitive damages-to-compensatory damages ratio that would offend due process, it has observed that "an award of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). Applying that near-outer-bounds multiplier here, even a punitive award of four times compensatory damages would result in only an additional $20,000, still leaving Plaintiff well short of the $75,000 amount required by 28 U.S.C. § 1332.[1] Thus, even the inclusion of a generous punitive damages does not get Plaintiff to the amount-in-controversy requirement. *See Hunter v. District of Columbia*, 384 F. Supp. 2d 257, 261–62 (D.D.C. 2005) (dismissing complaint for lack of subject matter jurisdiction where the maximum compensatory damages available to the plaintiff was the sum of $5,500 in compensatory damages plus punitive damages).

In summary, the dismissal of TJX Companies is not the type of event subsequent to removal that changed the amount in controversy in this case and would justify the court's continued jurisdiction over this matter. Rather, in light of Plaintiff's admission that she suffered no more than $5,000 in provable damages, the court finds that the court did not at any time have jurisdiction over this matter under the diversity jurisdiction statute.

---

[1] The Court in *State Farm* also observed that greater ratios may be warranted where "a particularly egregious act has resulted in only a small amount of economic damages" or where the injury is hard to detect. 538 U.S. at 425. Even if a higher ratio than 4-to-1 was warranted in this case, a 15-to-1 ratio would be required to *exceed* the $75,000 threshold, i.e., $75,000 in punitive damages in addition to $5,000 in compensatory damages. As the court held in *Hunter v. District of Columbia*, 384 F. Supp. 2d 257 (D.D.C. 2005), such a multiplier would not pass constitutional muster.

III.

For the foregoing reasons, the court finds to a legal certainty that, at the time of removal, Plaintiff did not have a good faith basis to believe the combination of compensatory and punitive damages would satisfy the $75,000 threshold. Accordingly, this court lacks subject matter jurisdiction over this matter. The court therefore remands this action to the Superior Court of the District of Columbia pursuant to 28 U.S.C. § 1447(c).

A separate Order accompanies this Memorandum Opinion.

Dated: March 2, 2018

Amit P. Mehta
United States District Judge